IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES ALFRED HILL, )
 )
      Plaintiff, )
 )
v. ) 1:16CV18
 )
STAR LEE MILLS RANSOM, )
 )
      Defendant. )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon an application to proceed *in forma pauperis* ("IFP") (Docket Entry 1) by Plaintiff Charles Alfred Hill, and under frivolity review pursuant to 28 U.S.C. §1915(e)(2)(B). After review of Plaintiff's IFP application, the Court will grant Plaintiff's motion to proceed *in forma pauperis*[1], but only for the limited purposes of entering this order and recommendation for dismissal of this action for lack of subject matter jurisdiction.

In his complaint, Plaintiff alleges a personal injury claim against Defendant for "lying to [the] hospital . . . that Estelle Hill was never married" and threatening Plaintiff's life by shooting at his home, cussing at him, and throwing rocks at him. (Complaint, Docket Entry 2.) Plaintiff seeks a court order allowing him to freely visit his wife and have authority over funeral proceedings. (*Id.*) Neither Plaintiff's complaint nor cover sheet alleges jurisdictional grounds. (*See id*; Civil Cover Letter, Docket Entry 3.) Thus, the Court should dismiss Plaintiff's case.

---

[1] Based upon Plaintiff's representations to the Court, Plaintiff has shown that he is unable to pay fees and costs associated with said action. This status will be granted for the sole purpose of entering this Order and Recommendation.

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim for upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v.. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As a part of its review, the Court may also consider the question of subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09–CV–551–D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2–3 (E.D.N.C. Mar. 11, 2010) (unpublished) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving a federal question and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). In order for a federal court to obtain jurisdiction on the basis of diversity of citizenship, the amount in controversy must exceed $75,000 and there must be diversity of state or foreign citizenship between the parties. *Chandler v. Cheesecake Factory Rests., Inc.*, 239 F.R.D. 432, 438 (M.D.N.C. 2006). The plaintiff bears the burden of showing that jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, nothing in the Complaint alleges that this Court has jurisdiction over this action.

2

It appears all parties are citizens of the State of North Carolina, and no federal question has been alleged. Plaintiff's jurisdictional portions of the Complaint and cover sheet are blank, and Plaintiff has only marked the "Personal Injury-Assault, Libel & Slander" box on the cover sheet. (*See* Docket Entry 3.) Plaintiff did not allege an amount in controversy, and it is apparent on the face of the complaint that the parties are not diverse. Because the Court lacks subject matter jurisdiction, it should dismiss this action.

## IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's application to proceed *in forma pauperis* (Docket 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Complaint be dismissed for lack of subject matter jurisdiction.

_____
Joe L. Webster
United States Magistrate Judge

March 3, 2016
Durham, North Carolina